UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

AUG 0 9 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ ᴅᴋ_____
              DEPUTY CLERK

| | | |
|---|---|---|
| NCR CORPORATION | § | |
| | § | **A04CA515 LY** |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| GARMIN INTERNATIONAL, INC. | § | DEMAND FOR JURY TRIAL |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NCR Corporation ("NCR") hereby alleges for its Complaint against Defendant Garmin International, Inc. ("Garmin"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### I.

### THE PARTIES

1. NCR is a Maryland corporation having its principal place of business at 1700 South Patterson Blvd., Dayton, Ohio 45479-0001. NCR is engaged in the design and sale of hardware and software for automatic teller machines, check processing, kiosks, point-of-sale transactions and data warehousing applications.

2. Garmin is a Kansas corporation with its principal place of business located at 1200 E. 151st Street, Olathe, KS 66062. Garmin designs, manufactures, and markets navigation and communications equipment for the aviation and consumer markets. Garmin may be served at its principal place of business.

HOU03 981400 3

## II.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  Garmin regularly has engaged in business in the State of Texas and in this judicial district. Garmin sells and arranges for the sale of infringing products throughout the State of Texas and in this judicial district. Garmin regularly and deliberately places infringing products in the stream of commerce with the knowledge and intent that these infringing products will be used, sold, or offered for sale in the State of Texas and in this judicial district.

5.  Because Garmin resides in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), venue is proper in this district as to Garmin.

## III.

## FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,805,163

6.  NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.  On September 8, 1998, United States Letters Patent No. 5,805,163, entitled "Darkened Transparent Window Overlapping An Opaque Window" (hereinafter "the '163 Patent"), was duly and legally issued to NCR. A true and correct copy of the '163 Patent is attached hereto as Exhibit A.

8. Since its issuance to NCR, the '163 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '163 Patent, including the right to sue for infringements thereof.

9. Garmin has infringed and is continuing to infringe the '163 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals incorporating the patented invention that is described and claimed in the '163 Patent.

10. The activities of Garmin have been without express or implied license from NCR.

11. Garmin will continue to infringe the '163 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

12. As a result of the infringement of the '163 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

13. NCR believes that Garmin's past and continuing infringement of the '163 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which

warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## IV.

## SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,356,281

14. NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

15. On March 12, 2002, United States Letters Patent No. 6,356,281, entitled "Method And Apparatus For Displaying Translucent Overlapping Graphical Objects On A Computer Monitor" (hereinafter "the '281 Patent"), was duly and legally issued to NCR. A true and correct copy of the '281 Patent is attached hereto as Exhibit B.

16. Since its issuance to NCR, the '281 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '281 Patent, including the right to sue for infringements thereof.

17. Garmin has infringed and is continuing to infringe the '281 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals incorporating the patented invention that is described and claimed in the '281 Patent.

18. The activities of Garmin have been without express or implied license from NCR.

19.     Garmin will continue to infringe the '281 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

20.     As a result of the infringement of the '281 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

21.     NCR believes that Garmin's past and continuing infringement of the '281 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

V.

### THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,473,765

22.     NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

23.     On October 29, 2002, United States Letters Patent No. 6,473,765, entitled "Matching/Merging Two Data Warehouse Physical Data Models" (hereinafter "the '765 Patent"), was duly and legally issued to NCR. A true and correct copy of the '765 Patent is attached hereto as Exhibit C.

24. Since its issuance to NCR, the '765 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '765 Patent, including the right to sue for infringements thereof.

25. Garmin has infringed and is continuing to infringe the '765 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals with bundled personal computer software incorporating the patented invention that is described and claimed in the '765 Patent.

26. The activities of Garmin have been without express or implied license from NCR.

27. Garmin will continue to infringe the '765 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

28. As a result of the infringement of the '765 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

29. NCR believes that Garmin's past and continuing infringement of the '765 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which

warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## VI.

### FOURTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,951,652

30. NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

31. On September 14, 1999, United States Letters Patent No. 5,951,652, entitled "Dependable Data Element Synchronization Mechanism" (hereinafter "the '652 Patent"), was duly and legally issued to NCR. A true and correct copy of the '652 Patent is attached hereto as Exhibit D.

32. Since its issuance to NCR, the '652 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '652 Patent, including the right to sue for infringements thereof.

33. Garmin has infringed and is continuing to infringe the '652 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals incorporating the patented invention that is described and claimed in the '652 Patent.

34. The activities of Garmin have been without express or implied license from NCR.

35. Garmin will continue to infringe the '652 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

36. As a result of the infringement of the '652 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

37. NCR believes that Garmin's past and continuing infringement of the '652 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## VII.

### FIFTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,418,439

38. NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

39. On July 9, 2002, United States Letters Patent No. 6,418,439, entitled "Computer System And Computer Implemented Method For Translation Of Information Into Multiple Media Variations" (hereinafter "the '439 Patent"), was duly and legally issued to NCR. A true and correct copy of the '439 Patent is attached hereto as Exhibit E.

40.   Since its issuance to NCR, the '439 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '439 Patent, including the right to sue for infringements thereof.

41.   Garmin has infringed and is continuing to infringe the '439 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States terminals and associated map data products incorporating the patented invention that is described and claimed in the '439 Patent.

42.   The activities of Garmin have been without express or implied license from NCR.

43.   Garmin will continue to infringe the '439 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

44.   As a result of the infringement of the '439 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

45.   NCR believes that Garmin's past and continuing infringement of the '439 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which

warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## VIII.

## SIXTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,508,600

46. NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

47. On April 16, 1996, United States Letters Patent No. 5,508,600, entitled "Method For Displaying A Charge Level Of A Battery" (hereinafter "the '600 Patent"), was duly and legally issued to NCR. A true and correct copy of the '600 Patent is attached hereto as Exhibit F.

48. Since its issuance to NCR, the '600 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '600 Patent, including the right to sue for infringements thereof.

49. Garmin has infringed and is continuing to infringe the '600 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals incorporating the patented invention that is described and claimed in the '600 Patent.

50. The activities of Garmin have been without express or implied license from NCR.

51.     Garmin will continue to infringe the '600 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

52.     As a result of the infringement of the '600 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

53.     NCR believes that Garmin's past and continuing infringement of the '600 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## IX.

## SEVENTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 4,680,622

54.     NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

55.     On July 14, 1987, United States Letters Patent No. 4,680,622, entitled "Apparatus And Method For Mixing Video Signals For Simultaneous Presentation" (hereinafter "the '622 Patent"), was duly and legally issued to NCR. A true and correct copy of the '622 Patent is attached hereto as Exhibit G.

56. Since its issuance to NCR, the '622 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '622 Patent, including the right to sue for infringements thereof.

57. Garmin has infringed and is continuing to infringe the '622 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States navigation terminals incorporating the patented invention that is described and claimed in the '622 Patent.

58. The activities of Garmin have been without express or implied license from NCR.

59. Garmin will continue to infringe the '622 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

60. As a result of the infringement of the '622 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

61. NCR believes that Garmin's past and continuing infringement of the '622 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which

warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## X.

### EIGHTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,951,643

62. NCR repeats and re-alleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

63. On September 14, 1999, United States Letters Patent No. 5,951,643, entitled "Mechanism For Dependably Organizing And Managing Information For Web Synchronization And Tracking Among Multiple Browsers" (hereinafter "the '643 Patent"), was duly and legally issued to NCR. A true and correct copy of the '643 Patent is attached hereto as Exhibit H.

64. Since its issuance to NCR, the '643 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '622 Patent, including the right to sue for infringements thereof.

65. Garmin has infringed and is continuing to infringe the '643 Patent in violation of 35 U.S.C. § 271 by engaging in acts that include making, using, offering to sell, or selling within the United States, importing into the United States, inducing others to make, use or sell in the United States, or contributing to others making, using or selling in the United States electronic commerce software incorporating the patented invention that is described and claimed in the '643 Patent.

66. The activities of Garmin have been without express or implied license from NCR.

67.  Garmin will continue to infringe the '643 Patent unless enjoined by this Court. As a result of the infringing conduct of Garmin, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

68.  As a result of the infringement of the '643 Patent by Garmin, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

69.  NCR believes that Garmin's past and continuing infringement of the '643 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## XI.

## PRAYER FOR RELIEF

WHEREFORE, NCR prays for entry of judgment against Garmin as follows:

a.  That Garmin has infringed the asserted patents;

b.  That temporary, preliminary, and permanent injunctive relief be issued out of this Court restraining Garmin, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patents;

c. That NCR be awarded damages adequate to compensate NCR for the wrongful infringing acts by Garmin, in accordance with 35 U.S.C. § 284;

d. That the damages awarded to NCR be increased up to three times in view of Garmin's willful infringement, in accordance with 35 U.S.C. § 284;

e. That this case be declared exceptional in favor of NCR under 35 U.S.C. § 285, and awarding to NCR its reasonable attorneys' fees and other expenses incurred in connection with this action;

f. That NCR's interest and costs of suit incurred in this action; and

g. That such other and further relief as this Court may deem just and proper be awarded to NCR.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), NCR hereby demands a jury trial on all its claims in this case that are properly subject to a jury trial.

Respectfully submitted,

_____
Kevin M. Sadler
Texas Bar No. 17512450
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701
(512) 322-2500
Facsimile: (512) 322-2501

Scott F. Partridge
Texas Bar No. 00786940
Howard Speight
Texas Bar No. 18908700
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
Facsimile: (713) 229-1522

OF COUNSEL:                    ATTORNEYS FOR NCR CORPORATION

Baker Botts L.L.P.
Michael Hawes
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
Facsimile: (713) 229-1522

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

**See Original File to View/Copy Document/Attachment(s)**

Civil Case No.      1:04CV515-LY

NCR Corporation

VS.

Garmin International, Inc.

Attachments to
Document #:        1

Description:       Original Complaint

File Date:         August 9, 2004

Prepared by:       jk

**This sheet to be imaged as the last page.**