IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NCR CORPORATION, | § | |
| | § | |
| Plaintiff | § | Civil Action No. A 04 CA515 LY |
| | § | |
| vs. | § | |
| | § | |
| GARMIN INTERNATIONAL, INC., | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT and
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Comes now Defendant, Garmin International, Inc., and files its Answer to

Plaintiff's First Amended Complaint and Counterclaim for Declaratory Judgment, and for

its answer and counterclaim would show the following:

**ANSWER**

**Responses to Plaintiff's Allegations**

I.

1.      Defendant admits the allegations of paragraph 1 of the First Amended

Complaint.

2.      Defendant admits the allegations of paragraph 2 of the First Amended

Complaint.

II.

3.      Defendant admits the allegations of paragraph 3 of the First Amended

Complaint.



4.      Defendant admits the allegations of the first sentence of paragraph 4 of the First Amended Complaint. Defendant denies the remaining allegations of paragraph 4 of the First Amended Complaint.

5.      Defendant does not contest venue, but denies the allegation of paragraph 5 of the First Amended Complaint that Defendant resides in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

III.

6.      Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 6 of the First Amended Complaint.

7.      Defendant admits the allegations of paragraph 7 of the First Amended Complaint, except that Defendant denies the allegation that the '163 patent was duly and legally issued.

8.      Defendant denies the allegation that the '163 patent has been in full force and effect since its issuance.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the First Amended Complaint, and therefore denies same.

9.      Defendant denies the allegations of paragraph 9 of the First Amended Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint, and therefore denies same.

11.     Defendant denies the allegations of paragraph 11 of the First Amended Complaint.

12.     Defendant denies the allegations of paragraph 12 of the First Amended Complaint.

13.     Defendant denies the allegations of paragraph 13 of the First Amended Complaint.

IV.

14.     Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 14 of the First Amended Complaint.

15.     Defendant admits the allegations of paragraph 15 of the First Amended Complaint, except that Defendant denies the allegation that the '281 patent was duly and legally issued.

16.     Defendant denies the allegation that the '281 patent has been in full force and effect since its issuance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the First Amended Complaint, and therefore denies same.

17.     Defendant denies the allegations of paragraph 17 of the First Amended Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint, and therefore denies same.

19.     Defendant denies the allegations of paragraph 19 of the First Amended Complaint.

20.     Defendant denies the allegations of paragraph 20 of the First Amended Complaint.

21.     Defendant denies the allegations of paragraph 21 of the First Amended Complaint.

V.

22.     Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 22 of the First Amended Complaint.

23.     Defendant admits the allegations of paragraph 23 of the First Amended Complaint, except that Defendant denies the allegation that the '652 patent was duly and legally issued.

24.     Defendant denies the allegation that the '652 patent has been in full force and effect since its issuance.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the First Amended Complaint, and therefore denies same.

25.     Defendant denies the allegations of paragraph 25 of the First Amended Complaint.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the First Amended Complaint, and therefore denies same.

27.     Defendant denies the allegations of paragraph 27 of the First Amended Complaint.

28.     Defendant denies the allegations of paragraph 28 of the First Amended Complaint.

29.     Defendant denies the allegations of paragraph 29 of the First Amended Complaint.

VI.

30.     Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 30 of the First Amended Complaint.

31.     Defendant admits the allegations of paragraph 31 of the First Amended Complaint, except that Defendant denies the allegation that the '439 patent was duly and legally issued.

32.     Defendant denies the allegation that the '439 patent has been in full force and effect since its issuance.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the First Amended Complaint, and therefore denies same.

33.     Defendant denies the allegations of paragraph 33 of the First Amended Complaint.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the First Amended Complaint, and therefore denies same.

35.     Defendant denies the allegations of paragraph 35 of the First Amended Complaint.

36.     Defendant denies the allegations of paragraph 36 of the First Amended Complaint.

37.     Defendant denies the allegations of paragraph 37 of the First Amended Complaint.

VII.

38.     Defendant incorporates be reference its responses to the prior paragraphs incorporated by reference into paragraph 38 of the First Amended Complaint.

39.     Defendant admits the allegations of paragraph 39 of the First Amended Complaint, except that Defendant denies the allegation that the '600 patent was duly and legally issued.

40.     Defendant denies the allegation that the '600 patent has been in full force and effect since its issuance.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the First Amended Complaint, and therefore denies same.

41.     Defendant denies the allegations of paragraph 41 of the First Amended Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the First Amended Complaint, and therefore denies same.

43.     Defendant denies the allegations of paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations of paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations of paragraph 45 of the First Amended Complaint.

VIII.

46.     Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 46 of the First Amended Complaint.

47.     Defendant admits the allegations of paragraph 47 of the First Amended Complaint, except that Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegation that the '622 patent was duly and legally issued, and therefore denies same.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the First Amended Complaint, and therefore denies same.

49.     Defendant denies the allegations of paragraph 49 of the First Amended Complaint.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the First Amended Complaint, and therefore denies same.

51.     Defendant denies the allegations of paragraph 51 of the First Amended Complaint.

52.     Defendant denies the allegations of paragraph 52 of the First Amended Complaint.

53.     Defendant denies the allegations of paragraph 53 of the First Amended Complaint.

IX.

54.     Defendant incorporates by reference its responses to the prior paragraphs incorporated by reference into paragraph 54 of the First Amended Complaint.

55.     Defendant admits the allegations of paragraph 55 of the First Amended Complaint, except that Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegation that the '643 patent was duly and legally issued, and therefore denies same.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the First Amended Complaint, and therefore denies same.

57.     Defendant denies the allegations of paragraph 57 of the First Amended Complaint.

58.     Defendant denies the allegations of paragraph 58 of the First Amended Complaint.

59.     Defendant denies the allegations of paragraph 59 of the First Amended Complaint.

60.     Defendant denies the allegations of paragraph 60 of the First Amended Complaint.

61.     Defendant denies the allegations of paragraph 61 of the First Amended Complaint.

## Additional Defensive Allegations

### Invalidity

62.     Pleading further, and in the alternative, and without waiver of the foregoing, Defendant would show that at least the following patents are invalid: the '163 patent; the '281 patent; the '652 patent; the '439 patent; the '600 patent. Defendant is continuing to investigate the validity *vel non* of the '622 patent and the '643 patent.

## License

63.     Pleading further, and in the alternative, and without waiver of the foregoing, Defendant would show that Plaintiff has licensed one or more of the patents at issue to third parties who are suppliers of Defendant, and Defendant is therefore licensed to practice the claims of those patents as a sub-licensee, an implied licensee, or by virtue of the patent exhaustion doctrine.

## COUNTERCLAIM

64.     This counterclaim arises under the patent laws of the United States, Title 35 of the United States Code. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2201.

65.     Counter-plaintiff Garmin is in the business of designing, manufacturing and selling navigation and communication equipment, including equipment that utilizes the Global Positioning System ("GPS products").

66.     Counter-defendant NCR has asserted that it is the owner of United States Patents Nos. 5,805,163 (the "163 patent"), 6,356,281 (the '281 patent), 5,951,652 (the '652 patent), 6,418,439 (the '439 patent), 5,508,600 (the '600 patent), 4,680,622 (the '622 patent) and 5,951,643 (the '643 patent). NCR has also asserted that Garmin has infringed or is infringing each of the mentioned patents in the course of Garmin's business of manufacturing and selling GPS products.

67.    Garmin has denied and continues to deny that it has infringed the patents. Garmin has asserted that at least the '163 patent, the '281 patent, the '652 patent, the '439 patent, and the '600 patent are invalid.  Garmin has also asserted that NCR has licensed one or more of the patents to third parties who are suppliers of Garmin, and that Garmin is therefore licensed to practice the claims of those patents as a sub-licensee, an implied licensee, or by virtue of the patent exhaustion doctrine.

68.    There is an actual controversy between NCR and Garmin concerning the patents within the jurisdiction of this court pursuant to 28 U.S.C. §§ 2201-2202.  Garmin is entitled to a declaratory judgment declaring the respective rights and obligations of NCR and Garmin regarding these patents.

69.    Pleading further, and in the alternative, Defendant would show that Plaintiff's claims of infringement of most if not all of the patents in suit are not colorable, but rather have been contrived in an effort to unlawfully extract money from Defendant. For that reason, this is an exceptional case and Garmin is entitled to an award of its attorneys fees pursuant to 35 U.S.C. §285.

## DEMAND FOR JURY TRIAL

70.    Pursuant to Rule 38, Fed. R. Civ. P., Defendant and Counter-plaintiff Garmin International, Inc. demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant and Counter-plaintiff Garmin International, Inc. respectfully prays that upon final trial hereof, judgment be entered that Plaintiff take nothing and go hence without day on its claims against Garmin. Garmin further prays that the court enter its judgment declaring that Garmin does not

infringe the patents in suit; that the patents in suit or so many as the court may so find are invalid or unenforceable.   Garmin further prays that the court award Garmin its reasonable attorney's fee incurred in defense of this action together with such other and further relief as to which Garmin may show itself justly entitled.

Respectfully submitted,

By: _____
Kurt M. Sauer
T.B.A. No. 17673700
**MITHOFF & JACKS, L.L.P.**
Suite 1010 Franklin Plaza
111 Congress Avenue
Austin, TX 78701
Telephone: 512/478-4422
Telecopier: 512/478-5015

**ATTORNEY-IN-CHARGE FOR DEFENDANT
GARMIN INTERNATIONAL, INC.**

OF COUNSEL:

Phillip T. Bruns
T.B.A. 03258500
**GIBBS & BRUNS, L.L.P.**
1100 Louisiana, Suite 5300
Houston, TX 77002
Telephone: 713/650-8805
Telecopier: 713/750-0903

Michael F. Heim
T.B.A. No. 09380923
**CONLEY, ROSE P.C.**
600 Travis Street, Suite 7100
Houston, Texas  77002
Telephone:  713/238-8000
Telecopier:  713/238-8008

11

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above pleading has been served by telecopy and by certified United States mail, return receipt requested, on the following counsel of record on this _15_ day of October, 2004:

Kevin M. Sadler
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701
Telecopier No. (512) 322-2501

Scott Partridge
Howard Speight
Michael Hawes
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telecopier No.  (713) 229-1522

 

 

                                              _____
                                             Kurt M. Sauer